{¶ 16} I concur in judgment only.
 {¶ 17} This case underscores the desirability of providing this court with a verbatim record rather than a joint stipulation. The Agreed Statement does not provide enough facts to determine whether the encounter was consensual. The stipulation ends abruptly with the simple statement that defendant parked in a shopping center parking lot, "where she was confronted by the Officer."
 {¶ 18} The New Oxford American Dictionary, (2001) 361, defines the word confronted as being compelled to face something, especially an accusation, and can include the connotation "so as to unsettle or threaten." The word "confronted" thus raises the possibility of a non-consensual encounter. However, without any facts by which this court might understand more specifically the situation which this word describes, the consensual or non-consensual nature of the encounter cannot be determined.
 {¶ 19} Nor do I believe that from such a skimpy record we can properly infer defendant's purpose. Although the lead opinion may very well have insightfully gleaned that the defendant's pulling into a nearby driveway was a means of avoiding police detection, I am reluctant to make such an inference on the basis of a cryptic stipulation.
 {¶ 20} The lead opinion cites State v. Lockwood, ante, in which defendant "left the highway, entered into a trailer park, parked in front of a trailer residence with which he apparently had no connection, and turned off his headlights but kept his motor running." In the case at bar, however, the police drove by and did not observe what defendant did in the driveway. Nothing in the record indicates that defendant was aware she was being followed by a police car. Nothing indicates that the police car did anything that would have specifically alerted her to its presence. Moreover, unlike the facts in Lockwood, the police report never specified whether defendant exited the car, turned off the motor, or left the light on, much less talked to anyone. Here, the officer reported only that he waited a "short time" on another street before he saw defendant drive by.
 {¶ 21} The facts here are too minimal to infer that defendant's purpose in pulling into the driveway was to avoid the police. Indeed, even in Lockwood, the Second District made no specific inference from the trailer park stop and focused rather on two traffic violations which indicated impaired driving. Such an inference as to defendant's purpose, moreover, is not necessary to the state's case here.
 {¶ 22} Despite a skimpy record, three facts explicitly establish the officer had reasonable suspicion that defendant was driving under the influence: she drove left of the center line at least two times, stopped at least eight feet before a stop line for a light, and paused at least five seconds before she turned left after she received a green arrow. Thus, I agree there was sufficient basis for the court to deny defendant's motion to suppress.